# Exhibit 2

Eric M. Fraser, 027241
Phillip W. Londen, 032488
OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 640-9000
efraser@omlaw.com
plonden@omlaw.com

Wesley C. Achey (*pro hac vice*)
John D. Haynes (*pro hac vice*)
Matthew W. Howell (*pro hac vice*)
Katherine M. Donald (*pro hac vice*)
James Atkison (*pro hac vice*)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
(404) 881-7000
wes.achey@alston.com
john.haynes@alston.com
matthew.howell@alston.com
katie.donald@alston.com
james.atkison@alston.com

*Attorneys for Plaintiff/Counterclaim*
*Defendant MiMedx Group, Inc*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| MiMedx Group, Inc., | NO. 2:24-CV-03558-SMB |
| Plaintiff, | **MIMEDX GROUP, INC.'S RESPONSES AND OBJECTIONS TO SURGENEX LLC'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-66)** |
| v. | |
| Surgenex, LLC | |
| Defendant. | |

1

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff MiMedx Group, Inc. ("MiMedx") hereby responds and objects to Defendant Surgenex, LLC's ("Surgenex") First Requests for Documents (Nos. 1-66) ("Request(s)"), as follows:

## **RESERVATION OF RIGHTS**

MiMedx's objections and responses are based on facts presently known to MiMedx based on a good faith investigation to respond to Surgenex's Requests. Discovery is ongoing, and as discovery progresses, MiMedx may supplement and/or modify its responses to Surgenex's Requests with non-privileged, non-objectionable information as appropriate under the Federal Rules of Civil Procedure, the Local Rules of this Court, and any other applicable rule. MiMedx thus expressly reserves the right to supplement and/or modify its responses to Surgenex's Requests as additional facts, information, documents, and/or witnesses are discovered. MiMedx's responses to Surgenex's Requests do not constitute an admission by MiMedx that any of the Requests or responses thereto, or any documents produced in connection therewith, are admissible as evidence in any trial or other proceeding. MiMedx specifically reserves the right to object on any grounds, at any time, to the admission of any Request or response thereto, or any documents produced in connection therewith, in any such trial or other proceeding.

Pursuant to Section 10 of the Parties' Joint Case Management Report (D.E. 28), the Parties intend to meet and confer and agree on reasonable limitations that will govern the production of electronically stored information ("ESI"). As such, MiMedx will conduct its search for ESI pursuant to the Parties' agreed discovery plan which is forthcoming.

custody, and control to the extent that they exist and are located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 3:

*All deposition transcripts, infringement contentions, invalidity contentions (and responses), discovery responses (including without limitation responses to requests for production, interrogatories, and requests for admission), discovery disclosures (e.g., ESI or under Rule 26(a)(1)), deposition notices and responses, pre-trial exchanges, final trial exhibit lists, and expert reports or declarations in the Third Party Litigations or (as applicable) in the Third Party Proceedings, including any exhibits or attachments to the foregoing.*

## RESPONSE TO PRODUCTION NO. 3:

MiMedx objects to the use of "all" as overbroad, unduly burdensome, and not proportional to the needs of this case. MiMedx objects to this Request to the extent it seeks disclosure of information that is neither relevant to any party's claim or defense and/or not proportional to the needs of this case. MiMedx objects to this Request as lacking proper geographical or temporal limitations. MiMedx objects to this Request to the extent it seeks documents, things, and information no longer in the possession, custody, or control of MiMedx, particularly since the Third Party Litigations were all resolved between 2014 and 2020. MiMedx objects to this Request to the extent it seeks confidential information of a third-party that MiMedx is not authorized to disclose. MiMedx objects to the terms "discovery disclosures" and "pre-trial exchanges" as vague and ambiguous, and will treat this Request for Production consistent with its understanding of those phrases.

MiMedx objects to this Request to the extent the information or thing sought is publicly available and the burden of obtaining the responsive information is less or substantially the same for the requestor as it is for MiMedx.

Subject to the foregoing General and Specific Objections, MiMedx does not have access to documents that contain third party confidential business information. Therefore, MiMedx does not intend to produce any responsive information that was designated as Confidential, Attorneys-Eyes Only, or other confidentiality designation, by parties other than MiMedx to the Third Party Litigations. MiMedx additionally refers Surgenex to the publicly filed Documents in the Third Party Litigations. MiMedx will produce non-privileged, responsive documents within the scope of discovery in its possession, custody, and control to the extent that they exist, do not contain confidential information of third parties, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 4:**

*All non-public documents filed by MiMedx or any Petitioner in the Third Party Litigations or Third Party Proceedings, including unredacted versions of all pleadings or other documents publicly filed in redacted form, including any exhibits or attachments to the foregoing.*

**RESPONSE TO PRODUCTION NO. 4:**

MiMedx objects to the use of "all" as overbroad, unduly burdensome, and not proportional to the needs of this case. MiMedx objects to this Request to the extent it seeks disclosure of information that is neither relevant to any party's claim or defense and/or not proportional to the needs of this case. MiMedx objects to this Request to the extent it seeks documents, things, and information no longer in the possession, custody, or control of MiMedx. MiMedx objects to this Request to the extent it seeks confidential information of a third-party that MiMedx is not authorized to disclose.

Subject to the foregoing General and Specific Objections, MiMedx does not have access to documents that contain third party confidential business information. MiMedx

10

will agree to meet and confer with Surgenex after Surgenex has both (1) identified specific documents that it contends may and should be produced in unredacted form and (2) explained why such information is relevant to the claims and defenses at issue in this case.

## REQUEST FOR PRODUCTION NO. 5:

*All documents and things exchanged between MiMedx and any Defendant(s) in the Third Party Litigations relating to claim construction, including, but not limited to, correspondence between MiMedx and any Defendant(s) exchanging proposed claim terms for construction, proposed constructions of claim terms, alleged support for proposed claim constructions, negotiation of proposed claim constructions, and all claim construction briefing exchanged between MiMedx and any Defendant(s), whether or not publicly filed.*

## RESPONSE TO PRODUCTION NO. 5:

MiMedx objects to the use of "all" as overbroad, unduly burdensome, and not proportional to the needs of this case. MiMedx objects to this Request to the extent it seeks disclosure of information that is neither relevant to any party's claim or defense and/or not proportional to the needs of this case. MiMedx objects to this Request to the extent it seeks documents, things, and information no longer in the possession, custody, or control of MiMedx.

MiMedx objects to this Request to the extent the information or thing sought is publicly available and the burden of obtaining the responsive information is less or substantially the same for the requestor as it is for MiMedx. MiMedx objects to this Request to the extent it seeks email discovery; the parties have not negotiated an email discovery protocol, so MiMedx will not search for and produce email discovery at this time.

11

custody, and control to the extent that they exist in accordance with the procedural schedule in this case.

Dated: April 28, 2025                    ALSTON & BIRD LLP

                                         By:  /s/ Wesley C. Achey
                                         Wesley C. Achey (*pro hac vice*)
                                         John D. Haynes (*pro hac vice*)
                                         Matthew W. Howell (*pro hac vice*)
                                         Katherine M. Donald (*pro hac vice*)
                                         James Atkison (*pro hac vice*)
                                         ALSTON & BIRD LLP
                                         One Atlantic Center
                                         1201 West Peachtree Street
                                         Atlanta, Georgia 30309-3424


                                         Eric M. Fraser
                                         Phillip W. Londen
                                         OSBORN MALEDON, P.A.
                                         2929 North Central Avenue, Suite 2000
                                         Phoenix, Arizona 85012

                                         *Attorneys for Plaintiff/Counterclaim*
                                         *Defendant MiMedx Group, Inc.*