# Exhibit 3

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Arizona

| | | |
|---|---|---|
| MIMEDX GROUP, INC. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:24-cv-03558-SMB |
| | ) | |
| SURGENEX, LLC | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:              Organogenesis Holdings Inc.
c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment A

| Place: Regus, 437 Turnpike Street, Canton, MA 02021 | Date and Time: |
|---|---|
| | 02/19/2026 at 9:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/03/2026

|  *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Hugham Chan |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Surgenex, LLC
, who issues or requests this subpoena, are:
Hugham Chan; Rothwell, Figg, Ernst & Manbeck, P.C., 901 New York Ave., N.W. Suite 900 East, Washington, DC 20001; hchan@rothwellfigg.com; 202-783-6040

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:24-cv-03558-SMB

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Arizona

| | |
|---|---|
| MIMEDX GROUP, INC. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.   2:24-cv-03558-SMB |
| | ) |
| SURGENEX, LLC | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                              Organogenesis Holdings Inc.
c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801
_(Name of person to whom this subpoena is directed)_

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:   See Attachment A

| Place:   Regus, 437 Turnpike Street, Canton, MA 02021 | Date and Time: |
|---|---|
| | 03/11/2026 9:00 am |

The deposition will be recorded by this method:   Video, audio, and/or stenographic means

☐ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/03/2026

CLERK OF COURT

OR

_____                           /s/ Hugham Chan
_Signature of Clerk or Deputy Clerk_                      _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Surgenex, LLC
_____ , who issues or requests this subpoena, are:
Hugham Chan; Rothwell, Figg, Ernst & Manbeck, P.C., 901 New York Ave., N.W. Suite 900 East, Washington, DC 20001; hchan@rothwellfigg.com; 202-783-6040

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:24-cv-03558-SMB

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1.  "Organogenesis," "You," or "Your" shall mean  Organogenesis Holdings, Inc., and all directors, officers, current and former employees, managers, agents, attorneys, accountants, consultants, representatives, independent contractors, experts, parents, affiliates, subsidiaries, divisions, predecessors in interest (e.g., NuTech Medical, Inc.), successors in interest, any partnerships or joint ventures to which they are a party, and/or other persons acting on behalf of any of the foregoing.

2.  "NuTech Medical, Inc." shall mean Nutech Medical, Inc., and all directors, officers, current and former employees, managers, agents, attorneys, accountants, consultants, representatives, agents, independent contractors, experts, parents, affiliates, subsidiaries, divisions, predecessors in interest, successors in interest (Organogenesis), any partnerships or joint ventures to which they are a party, and/or other persons acting on behalf of any of the foregoing.

3.  "MiMedx" shall mean MiMedx Group, Inc., and all directors, officers, current and former employees, managers, agents, attorneys, accountants, consultants, representatives, agents, independent contractors, experts, parents, affiliates, subsidiaries, divisions, predecessors in interest, successors in interest, any partnerships or joint ventures to which they are a party, and/or other persons acting on behalf of any of the foregoing.

4.  "Surgenex" mean Surgenex, LLC, and its affiliates, predecessors, successors, parents, subsidiaries, assigns, agents, employees, directors, officers, or other representatives.

5.  "Multilayer placental tissue graft products" means placental tissue allograft products comprised of at least two layers of placental amnion and/or chorion membrane membrane that are either manufactured (including any processing of the products), used, offered for sale, or sold in the United States, or imported into the United States, by You. For the avoidance of doubt, "multi-layer placental tissue graft products" excludes umbilical

- 1 -

cord allograft products.

6.    "Prior art" means any patent, published patent application, reference, apparatus, device, system, public knowledge, public use, sale, offer of sale, or invention, in the United States or any other country, relating to the subject matter of the claims of the Patents-in-Suit that is dated or may have occurred prior to any filing date of a Patents-in-Suit, or encompasses, by way of example and without limitation, the subject matter described in each and every subdivision of 35 U.S.C. § 102 and 35 U.S.C. § 103, e.g., documents and things that may be used to determine or assess novelty and/or obviousness or any other ground for invalidity of the claimed subject matter in a patent or patent application.

7.    The terms "Document" or "Documents" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and includes any written, printed, typed, recorded, electronic or graphic matter of every type, however and by whomever prepared, produced, reproduced, disseminated or made, in any form, including, without limitation, any book, bill, calendar, chart, chat, check, compilation, computation, computer or network activity log, correspondence, data, data compilation, database, diagram, diary, document, draft, drawing, email, electronically-stored information, electronic message, file, folder, film, graph, graphic presentation, image, index, inventory, invoice, jotting, journal, ledger, machine readable material, map, memoranda, metadata, minutes, note, order, paper, photograph, printout, recording, report, software, spreadsheet, statement, sound recording, summary, telephone message record or log, text message, transcript, video, voicemail, voucher, webpage, wiki, work paper, writing, worksheet, or any other item or group of documentary material or information, regardless of physical or electronic format or characteristic, and any information therein, and copies, notes, and recordings thereof. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition. Any document bearing marks, including, without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate

- 2 -

document.

8.    The terms "constituting," "relating to," and "referring to" have their broadest possible meaning, and include, but are not limited to, concerning, associated with, addressing, bearing upon, supporting, contradicting, applicable to, pertaining to, involving, reflecting, undermining, regarding, respecting, touching upon, describing, embodying, evidencing, stating, dealing with, constituting, implying, implicating, refuting, or in any way logically or factually connected with the matter discussed or identified.

9.    The words "and" and "or" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request for information.

10.    The use of a verb in any tense shall be construed as the use of a verb in all other tenses, and the singular form shall be deemed to include the plural and vice versa. The singular and masculine form of a noun or pronoun shall embrace, and shall be read and applied as, the plural and/or the feminine or neutral, as the particular context makes appropriate.

11.    Unless the context requires otherwise, the terms "any" and "each" include and encompass "all."

12.    The term "including" means "including but not limited to" and "including, without limitation."

13.    The terms "communication" or "communications" means any transmission of information by one or more persons and/or between two or more persons by any means, including, but not limited to, telephone conversations, letters, telegrams, teletypes, telexes, telecopies, text messages, instant messenger messages, e-mail, computer linkups, written memoranda, notes and face-to-face conversations. The terms "person" or "persons" means any natural person or legal entity, including individuals, corporations, businesses, firms, joint ventures, partnerships, sole proprietorships, governments, agencies or instrumentalities of governments, unincorporated associations, and cooperatives.

**<u>GENERAL INSTRUCTIONS</u>**

1.     You are requested to produce all documents in the following Requests for Production of Documents and Things that are in your possession custody, or control, in their entirety and without redaction or expurgation. "Possession, custody, or control" shall be construed to the fullest extent provided under Federal Rules of Civil Procedure 34 and 45 and shall include, without limitation, those Documents and Things (or "Documents") in the hands of any other person that You have the ability to demand or to gain access to in the ordinary course of business.

2.     In producing Documents, furnish all Documents within your possession, custody, or control, as well as all Documents within the possession, custody, or control of your agents, representatives, employees, officers, directors, attorneys, parents, subsidiaries, or affiliated corporations, or anyone else acting on Your behalf.  The Document Subpoena also embraces originals, identical copies if originals are unavailable, and all non-identical copies (whether different from the originals because of notes made on such copies or otherwise) of the Documents described in the subpoena.

3.     Pursuant to the Federal Rule of Civil Procedure 45(e)(1)(A), Documents produced in response to the Document Subpoena shall be produced as they are kept and/or maintained in the usual course of business or shall be organized and labeled to correspond to the Requests for Production of Documents and Things in the demand.

4.     Electronic records and computerized information must be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

5.     Electronically stored Documents shall be produced in the TIFF or searchable PDF format.  Where possible, You shall produce associated load files including at least (a) the starting and ending Bates number of the range associated with the load file, (b) the searchable text of the electronically stored information that has been imaged, and (c) for emails, the email metadata, including but not limited to, date/time sent, sender, recipient(s), cc/bcc, and the field identifying any attachments to the email.

6.      Selection of Documents from the files and other sources and the numbering of such Documents shall be performed in such a manner as to ensure that the source of each Document may be determined, if necessary.

7.      File folders with tabs or labels or directories of files identifying Documents called for by these requests must be produced intact with such Documents.

8.      Documents attached to each other shall not be separated.

9.      If any Document is withheld based upon a claim of privilege or other protection, provide for each such Document: (i) the date of the Document, (ii) the names of all authors, (iii) the names of all recipients, (iv) the names of all cc and/or bcc recipients, (v) the type of Document, (vi) a description of the document (vii) an identification of the privilege or protection claimed, (viii) a brief explanation of the basis of your claim of privilege or other protection, and (ix) the present location of the Document and its current custodian.

10.     Documents shall not be withheld on the grounds that they contain highly sensitive or confidential information; instead, they shall be designated in accordance with the terms of the Protective Order entered in the case captioned *MiMedx Group, Inc. v. Surgenex, LLC*, No. 2:24-cv-03558-SMB (D. Ariz.), a copy of which is attached to here.

11.     If any Documents requested to be produced herein have been lost, discarded, destroyed, or are not available for production by You for any reasons whatsoever, identify them as completely as possible, by stating without limitation: the subject matter of the Document, the date of disposal, the manner of disposal, the reason for disposal, any person, firm, or corporation who has possession, custody, or control of a partial or complete copy of such Document, and the identity of all Persons who participated in the destruction or discarding or who have knowledge of the date and circumstances surrounding the destruction of the Document.

12.     All responsive Documents stored in machine-readable form shall be produced in electronic form and in hard-copy form with the printout date and file name and location appearing on the copy.

13.     Each paragraph herein shall be construed independently and not by reference to any other paragraph for the purpose of limitation.

**REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

1.     Documents sufficient to show Organogenesis's sales, revenues, profits, and forecasts of its multi-layer placental tissue graft products, such as those sold under the trade names of Cygnus®, NuShield®, or Via Matrix™, for the period of time before Organogenesis entered any agreement settling or otherwise resolving any legal proceeding with MiMedx (e.g., October 2020 Confidential Settlement Agreement).

2.     Documents sufficient to show Organogenesis's sales, revenues, profits, and forecasts of its multi-layer placental tissue graft products, such as those sold under the trade names of Cygnus®, NuShield®, or Via Matrix™, for the period of time after Organogenesis entered any agreement settling or otherwise resolving any legal proceeding with MiMedx (e.g., October 2020 Confidential Settlement Agreement).

3.     All Documents and communications between MiMedx and Organogenesis relating to (a) any domestic or foreign patents or patent applications owned by, assigned to, or licensed by MiMedx; (b) MiMedx's multi-layer placental tissue graft products; or (c) Organogenesis's multi-layer placental tissue graft products, including any cease-and-desist letter, notice letter relating to a MiMedx patent or patent application, or allegation of patent infringement.

4.     All Documents relating to any foreign or domestic legal proceedings, including any Documents filed under seal, involving Organogenesis and (a) MiMedx or (b) any patents or patent applications owned by, assigned to, or licensed by MiMedx, including litigation in court (e.g., 2:15-cv-00369 in N.D. Ala.) or before an administrative agency, such as the U.S. Patent & Trademark Office.

5.     All Documents and communications considered in determining how and whether to resolve any foreign or domestic legal proceedings involving (a) MiMedx or (b) any patents or patent applications owned by, assigned to, or licensed by MiMedx, including litigation in court (e.g., 2:15-cv-00369 in N.D. Ala.) or before an administrative agency,

such as the U.S. Patent & Trademark Office .

6.    All Documents and communications demonstrating negotiations to resolve any foreign or domestic legal proceedings involving (a) MiMedx or (b) any patents or patent applications owned by, assigned to, or licensed by MiMedx, including litigation in court (e.g., 2:15-cv-00369 in N.D. Ala.) or before an administrative agency, such as the U.S. Patent & Trademark Office, such as offers to settle.

7.    All agreements between MiMedx and Organogenesis relating to multi-layer placental tissue graft products to any patents or patent applications owned by, assigned to, or licensed by MiMedx, including any agreements or stipulations that resolved any foreign or domestic legal proceedings involving (a) MiMedx or (b) any patents or patent applications owned by, assigned to, or licensed by MiMedx, including settlements, covenants not to sue, and releases (e.g., October 2020 Confidential Settlement Agreement).

8.    All Documents and communications considered in calculating any potential or actual compensation, including royalties, between Organogenesis and MiMedx, relating to any patents or patent applications owned by, assigned to, or licensed by MiMedx.

9.    All Documents and communications relating to any (un)patentability, (in)validity, infringement, (un)enforceability, valuation, damages, or marking analysis for any domestic or foreign patents or patent applications owned by, assigned to, or licensed by MiMedx, including the identification of prior art with respect to any particular MiMedx patent or patent application (e.g., first public disclosure of the subject matter claimed, or the first use, first offer for sale, or first sale of any product that is covered by any claim).

10.    All Documents concerning the public use or disclosure of any placental tissue graft product comprising at least one amnion or chorion layer on or before August 17, 2006.

11.    All Documents concerning any actual or potential medical substitutes or alternatives to MiMedx's multi-layer placental tissue graft products (e.g., actual or potential non-infringing alternatives to the invention claimed in U.S. Patent No. 8,709,494).

12.    All Documents describing the composition of, or the processes, methods, or procedures used to manufacture (as well as any changes thereto), any Organogenesis multi-

layer placental tissue graft products, such as those sold under the trade names of Cygnus®, NuShield®, or Via Matrix™, including the standard operating procedures, manuals, or protocols associated with these products, marketing, literature, videos, and publicity pieces of any kind.

13.    All Documents comparing any Organogenesis multi-layer placental tissue graft products, such as those sold under the trade names of Cygnus®, NuShield®, or Via Matrix™ on the one hand, and MiMedx multi-layer placental tissue graft products on the other hand, including comparisons of composition, process of manufacture, or benefits.

14.    Any business or financial analysis concerning Organogenesis's or MiMedx's multi-layer placental tissue graft products or the market for such products, including analysis of their use, prescription, sales, or pricing.

15.    All Documents relating to any investigation, testing, study or analysis of either Organogenesis or MiMedx multi-layer placental tissue graft products derived from placental amnion and chorion membranes, to determine their composition, or their processes, methods, or procedures of manufacture.

16.    A declaration under oath by someone knowledgeable and employed at Organogenesis that the documents produced by Organogenesis in response to the Document Subpoena satisfy the authenticity requirement under Fed. R. Evid. 901, and if accurate, the business records requirements under Fed. R. Evid. 803(6).

17.    All Documents relating to MiMedx, including documents relating to (a) any domestic or foreign patents or patent applications owned by, assigned to, or licensed by MiMedx, including legal proceedings in court or before an administrative agency (e.g., U.S. Patent & Trademark Office); or (b) MiMedx multi-layer placental tissue graft products.

**DEPOSITION TOPICS**

1.    All facts about communications between MiMedx and Organogenesis relating to (a) any domestic or foreign patents or patent applications owned by, assigned to, or licensed by MiMedx; (b) MiMedx's multi-layer placental tissue graft products; or (c) Organogenesis's multi-layer placental tissue graft products, including any cease-and-desist

letter, notice letter relating to a MiMedx patent or patent application, or allegation of patent infringement.

2.     All facts about any Documents and communications relating to any (un)patentability, (in)validity, infringement, (un)enforceability, valuation, damages, or marking analysis for any domestic or foreign patents or patent applications owned by, assigned to, or licensed by MiMedx.

3.     All facts about the negotiations related to the resolution of any foreign or domestic legal proceedings involving Organogenesis and (a) MiMedx or (b) any patents or patent applications owned by, assigned to, or licensed by MiMedx, including litigation in court (e.g., 2:15-cv-00369 in N.D. Ala.) or before an administrative agency, such as the U.S. Patent & Trademark Office.

4.     All facts about any agreements between MiMedx and Organogenesis relating to multi-layer placental tissue graft products to any patents or patent applications owned by, assigned to, or licensed by MiMedx, including any agreements or stipulations that resolved any foreign or domestic legal proceedings involving (a) MiMedx or (b) any patents or patent applications owned by, assigned to, or licensed by MiMedx, including settlements, covenants not to sue, and releases (e.g., October 2020 Confidential Settlement Agreement).

5.     All facts relating to whether and how Organogenesis should compensate MiMedx, in light of any patents or patent applications owned by, assigned to, or licensed by MiMedx.

6.     All facts relating to the composition of, or the processes, methods, or procedures used to manufacture (as well as changes thereto), any Organogenesis multi-layer placental tissue graft products, such as those sold under the trade names of Cygnus®, NuShield®, or Via Matrix™, including any changes over time.

7.     All facts relating to the comparison of any Organogenesis multi-layer placental tissue graft products, such as those sold under the trade names of Cygnus®, NuShield®, or Via Matrix™ on the one hand, and MiMedx multi-layer placental tissue graft products on the other hand.

8.      All facts relating to any business or financial analysis concerning Organogenesis's or MiMedx's multi-layer placental tissue graft products or the market for such products.

9.      All facts relating to any investigation, testing, study or analysis of either Organogenesis's or MiMedx's multi-layer placental tissue graft products derived from placental amnion and chorion membranes, to determine their composition, or their processes, methods, or procedures of manufacture.

10.      All facts relating to any actual or potential medical substitutes to MiMedx's multi-layer placental tissue graft products.

11.      Authentication of all Documents produced by Organogenesis pursuant to the Document Subpoena, including whether the Documents are records of a regularly conducted activity within Organogenesis.

12.      The subject matter of all Documents produced by Organogenesis pursuant to the Document Subpoena.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MiMedx Group Incorporated,<br><br>          Plaintiff,<br><br>v.<br><br>Surgenex LLC,<br><br>          Defendant. | No. CV-24-03558-PHX-SMB<br><br>**STIPULATED PROTECTIVE ORDER** |

This Stipulated Protective Order ("Protective Order") is entered into by and between Plaintiff MiMedx Group. Inc. and Defendant Surgenex, LLC (collectively, the "Parties"), through their respective attorneys of record. During this action, with respect to any information, documents, or things ("**Materials**" as defined herein) obtained by any party to this action in response to any discovery or other request, where such items are asserted to contain or comprise private or confidential information, the following procedures shall be employed and the following restrictions shall govern.

The following Definitions apply in this Protective Order:

A.     The term "**Confidential Information**" means information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, and transcripts of depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party.

B.     The term "**Materials**" includes, but is not limited to:   documents; correspondence; memoranda; financial information; emails; specifications; marketing plans; marketing budgets; customer information; materials that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; forecasts; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; sketches; drawings; notes of discussions with third parties; other notes; business reports; instructions; disclosures; other writings; records of website development; and internet archives.

C.     The term "**Counsel**" means all counsel of record throughout the litigation, including outside counsel of record, and other attorneys, paralegals, secretaries, support staff, employees, contractors, law clerks, litigation support vendors, and clerical staff of such counsel's law firms employed in the office of any counsel of record.

The following provisions apply in this litigation:

1.     Each party to this litigation or any third party that produces or discloses any Materials, answers to interrogatories, responses to requests for admission, deposition testimony, and/or transcripts of depositions that the producing party or third party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."

(a)     Designation as "CONFIDENTIAL":   Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its Counsel, the information is not public and the unrestricted disclosure of such information could be harmful to the business or operations of such party.

(b)     Designation as "CONFIDENTIAL – FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL – FOR COUNSEL ONLY" only if, in the good faith belief of such party and its Counsel, the information is among that considered to be most

- 2 -

sensitive by the party, including but not limited to trade secret or other confidential data related to research, development, finances, or customers.

2.    In the event the producing party elects to produce Materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all Materials produced will be considered as "CONFIDENTIAL – FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Protective Order. Thereafter, upon selection of specified Materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those Materials to the inspecting party, mark the copies of those Materials that contain Confidential Information with the appropriate confidentiality marking.

3.    Whenever a deposition taken on behalf of any party involves the disclosure of Confidential Information of any party:

(a)    The deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Protective Order. Such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings. A party will have until thirty (30) days after receipt of the final deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."

(b)    Prior to the disclosure of Confidential Information, the disclosing party will have the right to exclude from attendance at the deposition any person other than the deponent, Counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8, below.

- 3 -

(c)     The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Protective Order, and protected from being opened except by order of this Court.

4.     All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this Protective Order, must be handled in the manner set forth below, and must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the Parties or by order of the Court.

5.     Information designated "CONFIDENTIAL – FOR COUNSEL ONLY" may be viewed only by:

(a)     Counsel (as defined in paragraph C, above) of the receiving party, including support staff, employees, contractors, law clerks, paralegals, secretaries, litigation support vendors, and clerical staff of such counsel's law firms assisting with this lawsuit;

(b)     Independent experts and stenographic and clerical employees associated with such experts. The producing party shall be entitled to object to disclosure of designated material to that expert and its employees within five (5) business days after receipt of the information specified in Paragraph 9, but only by stating in writing a specific reason or reasons why the producing party believes disclosure to such expert is inappropriate. If the Parties are unable to resolve on their own a dispute concerning disclosure of designated material to an expert, the party that objects to the disclosure has the

burden to apply to the Court, within ten (10) business days after service of the producing party's objections, for an Order that such disclosure is improper. No disclosure of designated material shall be made to the expert until the time for serving objections has passed, or, in the event that the producing party timely serves a written objection and timely files a motion with the Court, until the time as the Court has made a ruling thereon, and then, only in accordance with such ruling. The non-moving Party may seek extension of any deadline for expert reports or other depositions pending resolution of an objection to disclosure to an expert. Prior to receiving any Confidential Information of the producing party, the expert must execute a copy of the "Agreement to Be Bound by Stipulated Protective Order," attached hereto as Exhibit A. Counsel for the receiving party must retain executed copies of such exhibits;

(c) The Court and any Court staff and administrative personnel;

(d) Any court reporter or translator employed in this litigation and acting in that capacity;

(e) Any person indicated on the face of the document to be its author or co-author, or any person identified on the face of the document as one to whom a copy of such document was sent before its production in this action; and

(f) Trial and/or jury consultants engaged by the Parties in preparation for trial, including mock jurors, provided that (i) no party will use any mock juror who is employed by or affiliated with or who knows any person employed by or affiliated with either party to this action; (ii) mock jurors will not be allowed to retain any tangible materials that contain or disclose any Designated Material; and (iii) mock jurors first agree in writing to maintain the confidentiality of any

- 5 -

materials and information provided to them in connection with being a mock juror.

6.     Information designated "CONFIDENTIAL" may be viewed only by the individuals listed in paragraph 5, above, and by the additional individuals listed below:

(a)     Two (2) officers or employees of the party receiving the information to whom disclosure is reasonably necessary for this litigation (for Plaintiff: Mark Trainer and Butch Hulse; and for Defendant Brian Stoor and Dan Robinson); and

(b)     Stenographic and clerical employees associated with the individuals identified above.

7.     All information that has been designated as "CONFIDENTIAL – FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the Counsel for the receiving party, except that independent experts authorized to view such information under the terms of this Protective Order may retain custody of copies as necessary for their participation in this litigation, but only during the course of this litigation.   The principals, employees or other agents of the Parties who received information prior to and apart from this litigation that was subsequently disclosed in this litigation as being either "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" may also retain copies of that information as is necessary for use in their respective businesses.

8.     Before any Materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.  **The Parties must follow the procedural requirements of LRCiv 5.6.** Nothing in this Protective Order shall be construed as automatically permitting a party to file under seal.  Every motion to seal, including stipulations pursuant to LRCiv 5.6(d), must identify the legal standard applicable to the document at issue and explain why the

material sought to be sealed meets that standard. The party seeking leave of Court shall show "compelling reasons" (where the motion is more than tangentially related to the merits of the case) or "good cause" for filing under seal. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Furthermore, the mere fact the Parties have designated certain materials or information as confidential pursuant to an agreement or stipulation does not establish that any legal standard for placing those materials or information under seal has been met. *Id*. Where a party seeks to seal only certain portions of a given document, the unredacted version of the document, which should be lodged under seal pursuant to LRCiv 5.6(c), must include **highlighting** to indicate which portions of the document the party seeks to redact. Additionally, a party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if the party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document. Further, this protective order shall not apply to information disclosed at trial, and no portion of the trial of the matter shall be conducted under seal, absent subsequent Court order expressly addressing that issue.

9. Prior to the first disclosure of any designated material under 5(b) above to an expert, the receiving party shall supply to the producing party (1) a copy of the agreement to be bound by stipulated protective order (Exhibit A) that is executed by the expert; (2) that expert's current curriculum vitae; and (3) a list of all consulting engagements undertaken by the expert during the past four years. The producing party shall be entitled to object to disclosure of designated material to that expert within five (5) business days after receipt of items (1)-(3) discussed in this paragraph above, but only by stating in writing a specific reason or reasons which the producing party believes disclosure to such expert is inappropriate. If the Parties are unable to resolve on their own a dispute concerning disclosure of designated material to an expert, the party that objects to the disclosure has the burden to apply to the Court, within ten (10) business days after service of the producing party's objections, for an Order that such disclosure is improper.

No disclosure of designated material shall be made to the expert until the time for serving objections has passed, or, in the event that the producing party timely serves a written objection and timely files a motion with the Court, until the time as the Court has made a ruling thereon, and then, only in accordance with such ruling.

10. Confidential Information and Materials designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" shall be used solely for the prosecution or defense of this action. Confidential Information and Materials designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" shall not be used for any other purpose including, without limitation, any business, commercial, competitive, regulatory, personal or other purpose, patent prosecution, amending or otherwise affecting the scope of claims in patents or patent applications, a basis for judicial or administrative action, or communication with any government agency, except by consent of the parties or order of the Court.

11. At any stage of these proceedings, any party may object to a designation of confidentiality by stating, in writing, the grounds for its objection(s) to Counsel for the producing party. If the dispute is not resolved consensually between the Parties within ten (10) days of receipt of objections, the objecting party may move the Court for a ruling on the objection, provided, however, that engaging in additional efforts at consensual resolution shall not be deemed to waive any objection to a designation. In the event any party files a motion challenging the designation or redaction of information, the document shall be submitted to the Court, under seal, for an in-camera inspection. The Materials at issue must be treated as Confidential Information, as designated by the producing party, until the Court has ruled on the objection or the matter has been otherwise resolved.

12. At any stage of these proceedings, any party may request that it be permitted to disclose Materials designated as Confidential Information to individuals not permitted by this Protective Order to view such Materials. The party must submit to Counsel for the producing party a written notice identifying the relevant Materials and

- 8 -

the individuals to whom the party wishes to disclose the Materials. If the request is not resolved consensually between the Parties within fourteen (14) days of receipt of such a request, the requesting party may move the Court for a ruling allowing such disclosure. In the event any party files a motion requesting such disclosure, the Materials shall be submitted to the Court, under seal, for an in-camera inspection. The Materials at issue must be treated as Confidential Information, as designated by the producing party, until the Court has ruled on the request.

13. All Confidential Information must be held in confidence by those inspecting or receiving it. To the extent the Confidential Information has not been disclosed prior to and apart from this litigation, it must be used only for purposes of this action. If the Confidential Information was exchanged between the Parties prior to and apart from this litigation for purposes of conducting their respective businesses, the Parties may continue to use that otherwise Confidential Information for that purpose. The Parties may not distribute the Confidential Information beyond those persons or entities that had received the Confidential Information prior to this litigation. In addition, counsel for each party, and each person receiving Confidential Information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Protective Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other Parties and, without prejudice to any rights and remedies of the other Parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

14. Subject to the provisions of Paragraph 3(a) herein, no party will be responsible to another party for disclosure of Confidential Information under this Protective Order if the information in question is not labeled or otherwise identified as such in accordance with this Protective Order.

- 9 -

15. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Protective Order, the producing party may give written notice to the receiving party that the Materials produced are deemed Confidential Information, and that the Materials produced should be treated as such in accordance with that designation under this Protective Order. The receiving party must treat the Materials as confidential once the producing party so notifies the receiving party. If the receiving party has disclosed the Materials before receiving the designation, the receiving party must notify the producing party in writing of each such disclosure. Counsel for the Parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced Materials as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" – SUBJECT TO PROTECTIVE ORDER.

16. Nothing within this Protective Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

17. Nothing in this Protective Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

18. This Protective Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Protective Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

19. Information designated Confidential pursuant to this Protective Order also may be disclosed if: (a) the party or non-party making the designation consents to such disclosure; (b) the Court, after notice to all affected persons, allows such disclosure; or (c) the party to whom Confidential Information has been produced thereafter becomes

obligated to disclose the information in response to a lawful subpoena, provided that the subpoenaed party gives prompt notice to Counsel for the party which made the designation, and permits Counsel for that party sufficient time to intervene and seek judicial protection from the enforcement of this subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued.

20.     Nothing in this Confidentiality Order shall limit any producing party's use of its own documents or shall prevent any producing party from disclosing its own Confidential Information to any person.     Such disclosures shall not affect any confidential designation made pursuant to the terms of this Protective Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.     Nothing in this Protective Order shall prevent or otherwise restrict Counsel from rendering advice to their clients, and in the course thereof, relying on examination of stamped confidential information.

21.     Within forty-five (45) days of the final termination of this action, including any and all appeals, Counsel for each party must purge all Confidential Information from all machine-readable media on which it resides and must either (a) return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or (b) destroy it.     With respect to paper copies, return or destruction of Confidential Information is at the option of the producing party. Notwithstanding the foregoing, Counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court, correspondence, and deposition and trial transcripts and exhibits that refer to or incorporate Confidential Information for archival purposes, and will continue to be bound by this Protective Order with respect to all such retained information, after the conclusion of this litigation. Further, attorney work product Materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Protective Order with respect to all such retained information after the conclusion of this litigation.

- 11 -

22. The restrictions and obligations set forth within this Protective Order do not apply to any information that: (a) the Parties agree should not be designated Confidential Information; (b) the Parties agree, or the Court rules, is already public knowledge; or (c) the Parties agree, or the Court rules, has become public knowledge other than as a result of a violation of this Protective Order.  A producing party is free to do whatever it desires with its own Confidential Information. Nothing contained in this Protective Order shall preclude any party from using its own Confidential Information in any manner it sees fit, including without prior consent of any party or the Court.

23. Any party may designate as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" any Materials that were produced during the course of this action without such designation before the effective date of this Protective Order, as follows:

(a) Parties to this action may designate such Materials by sending written notice of such designation, accompanied by copies of the designated Materials bearing the appropriate legend of "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" to all other parties in possession or custody of such previously undesignated Materials.  Any party receiving such notice and copies of designated Materials pursuant to this subparagraph shall return to the producing party all undesignated copies of such Materials in its custody or possession, or shall affix the appropriate legend to all copies of the designated Materials in its custody or possession.

(b) Upon notice of designation pursuant to this paragraph, Parties shall also: (i) make no disclosure of such designated Materials or information contained therein except as allowed under this Protective Order; and (ii) take reasonable steps to notify any persons known to have possession of such designated Materials or

- 12 -

information of the effect of such designation under this Protective Order.

(c)     All such designations must be made within thirty (30) days of the date of this Protective Order.

24.     Transmission by e-mail, facsimile, or other reliable electronic means is acceptable for all notification purposes within this Protective Order.

25.     This Protective Order may be modified by agreement of the Parties, subject to approval by the Court.

26.     The Court may modify the terms and conditions of this Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

27.     After termination of this action, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that became a matter of public record.  This Court retains and shall have continuing jurisdiction over the Parties and recipients of Confidential Information and Materials designated as confidential for enforcement of the provisions of this Protective Order following termination of this litigation.

28.     Pursuant to Federal Rule of Evidence 502(d), a producing Party's attorney-client privilege and work product protection is not waived by disclosure of the materials to the opposing side if the disclosure is unintentional. A producing Party which seeks the return of documents under this section may request the return of documents which should have been withheld on the basis of the attorney-client and/or work product protection. Upon receipt of such a request for return, the Party to whom the documents were produced must segregate the documents and return them or seek, within ten (10) days, a determination by the Court regarding whether the documents must be returned. If the protected documents are part of larger ESI productions, the receiving Party shall remove those documents from any document review database. If the producing Party wishes to have those documents or their respective metadata removed from the production

deliverables, it shall provide overlay production deliverables removing the affected material without otherwise altering the bates designations of unaffected documents.

Dated this 7th day of May, 2025.

_____
Honorable Susan M. Brnovich
United States District Judge

## **EXHIBIT A**

## **IN THE UNITED STATES DISTRICT COURT**

## **FOR THE DISTRICT OF ARIZONA**

|  |  |
|---|---|
| MiMedx Group, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Surgenex, LLC, <br><br> Defendant. | No. 2:24-cv-03558-SMB <br><br> **AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER** |

I, _____, declare and say that:

1.    I am employed as _____ by _____.

2.    I have read the Stipulated Protective Order (the "Order") entered in _____ and have received a copy of the Order.

3.    I promise that I will use any and all "Confidential" or "Confidential – For Counsel Only" information, as defined in the Order, given to me only in a manner authorized by the Order, and only to assist Counsel in the litigation of this matter.

4.    I promise that I will not disclose or discuss such "Confidential" or "Confidential – For Counsel Only" information with anyone other than the persons described in paragraphs 3, 8 and 9 of the Order.

5.    I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the District of Arizona with respect to the enforcement of the Order.

6.     I understand that any disclosure or use of "Confidential" or "Confidential – For Counsel Only" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

7.     I will return all "Confidential" or "Confidential – For Counsel Only" Materials (as defined in the Order) to the attorney who provided it to me, upon request of that attorney, and I shall not retain any copies of said Materials or any information contained within "Confidential" or "Confidential – For Counsel Only" Materials.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____                    _____

                                                    Signature

- 16 -

MIMEDX Group, Inc., et. al., Plaintiff(s)
vs.
Surgenex, LLC, et. al., Defendant(s)



**Service of Process by**
**APS International, Ltd.**
**1-800-328-7171**

APS International Plaza
7800 Glenroy Road
Minneapolis, MN 55439-3122

APS File #:   172052-0004

## AFFIDAVIT OF SERVICE -- Corporate

Service of Process on:
--Organogenesis Holdings Inc, c/o The Corporation Trust Company

Court Case No. 2:24-03558-SMB

ROTHWELL, FIGG, ET AL
Mr. Erik van Leeuwen
901 New York Avenue, N.W.,        Suite 900 East
Washington, DC  20001

State of:  DELAWARE         ) ss.
County of:  NEW CASTLE      )

**Name of Server:**   ADAM GOLDEN , undersigned, being duly sworn, deposes and says that at the time of service, s/he was of legal age and was not a party to this action;

**Date/Time of Service:**   that on the  4  day of  FEB , 20 26, at 12:27 o'clock  P M

**Place of Service:**   at  1209 Orange St , in  Wilmington, DE  19801

**Documents Served:**   the undersigned served the documents described as:
**Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection of Premises In A Civil Action; Subpoena To Testify At A Deposition; Attachment A; Stipulated Protective Order; Exhibit A; Witness Fee $45.00**

**Service of Process on:**   A true and correct copy of the aforesaid document(s) was served on:
**Organogenesis Holdings Inc, c/o The Corporation Trust Company**

**Person Served, and Method of Service:**   By delivering them into the hands of an officer or managing agent whose name and title is:  APRIL RANSBURG

**Description of Person Receiving Documents:**   The person receiving documents is described as follows:
Sex  F ; Skin Color  B  ; Hair Color  BRN  ; Facial Hair
Approx. Age  30  ; Approx. Height  5'7" ; Approx. Weight  150

☐ To the best of my knowledge and belief, said person was not engaged in the US Military at the time of service.

**Signature of Server:**   Undersigned declares under penalty of perjury that the foregoing is true and correct.

_____
Signature of Server

**APS International, Ltd.**

Subscribed and sworn to before me this  5  day of  Feb , 20 26

_____
Notary Public        (Commission Expires)

GEORGE H COVERT
MY COMMISSION
EXPIRES
Feb. 13, 2026
NOTARY PUBLIC
STATE OF DELAWARE