# Exhibit 4

| From: | Hugham Chan |
|---|---|
| To: | "Baltay, Matthew" |
| Subject: | RE: Subpoena to Organogenesis Holdings Inc. dated February 3, 2026 issued in MiMedx Group, Inc. v. Surgenex, LLC (D. Ariz. 24-cv-03558-SMB) |
| Date: | Friday, March 13, 2026 9:12:00 AM |

Mr. Baltay,

Good morning.  I'm following up here.  What is Organogenesis' position?  Thanks.


Best,

Hugham Chan - *Of Counsel*

Rothwell, Figg, Ernst & Manbeck, P.C.

901 New York Avenue, NW, Suite 900 East

Washington, DC 20001

Phone: (771) 717-9806

Fax: (202) 783-6031

---

**From:** Baltay, Matthew <MBaltay@foleyhoag.com>
**Sent:** Friday, March 6, 2026 9:05 AM
**To:** Hugham Chan <hchan@rothwellfigg.com>
**Subject:** RE: Subpoena to Organogenesis Holdings Inc. dated February 3, 2026 issued in MiMedx Group, Inc. v. Surgenex, LLC (D. Ariz. 24-cv-03558-SMB)


Mr. Chan-
Apologies. I have been in arbitration hearing and coming up on an open day today (we resume Monday). I am getting with the client and will be back to you.
Thank you.
Regards,
Matthew

**Matthew C. Baltay**
**Foley Hoag LLP**
+16178321262 phone

---

**From:** Hugham Chan <hchan@rothwellfigg.com>
**Sent:** Tuesday, March 3, 2026 1:23 PM
**To:** Baltay, Matthew <MBaltay@foleyhoag.com>
**Subject:** RE: Subpoena to Organogenesis Holdings Inc. dated February 3, 2026 issued in MiMedx Group, Inc. v. Surgenex, LLC (D. Ariz. 24-cv-03558-SMB)


**[ EXTERNAL SENDER - hchan@rothwellfigg.com ]**

---

Mr. Baltay,

Hope your week is going well.  I'm following up on my email from last week.  Please let me know Organogenesis' position.  Thanks.

Best,
Hugham Chan - *Of Counsel*
Rothwell, Figg, Ernst & Manbeck, P.C.
901 New York Avenue, NW, Suite 900 East
Washington, DC 20001
Phone: (771) 717-9806
Fax: (202) 783-6031

---

**From:** Hugham Chan
**Sent:** Wednesday, February 25, 2026 4:02 PM
**To:** 'Baltay, Matthew' <MBaltay@foleyhoag.com>
**Subject:** RE: Subpoena to Organogenesis Holdings Inc. dated February 3, 2026 issued in MiMedx Group, Inc. v. Surgenex, LLC (D. Ariz. 24-cv-03558-SMB)

Mr. Baltay,

Thanks for your (and your colleague's time) on the meet and confer the other day.  I have conferred internally with my team, and we remain committed to seeking documents pertinent to the litigation between MiMedx and Surgenex.

As I offered on our call from Monday, to resolve the parties' current impasse, I am willing to significantly narrow the document requests to these four categories:

1. Documents sufficient to identify the annual sales of Organogenesis's multi-layered placental tissue products by units sold and revenue both before and after the settlement agreement;
2. Documents sufficient to identify the composition of Organogenesis's multi-layered placental tissue products sold both before and after the settlement agreement, such that they indicate whether a spongy/intermediate layer exists, and the uses for these products;
3. Sealed filings or unredacted expert reports from the underlying *MiMedx v. Organogenesis* litigation containing MTF's non-infringement/damages positions and underlying materials to support those positions; and
4. A declaration under oath by someone knowledgeable and employed at Organogenesis that the documents produced by Organogenesis in response to the Document Subpoena satisfy the authenticity requirement under Fed. R. Evid. 901, and if accurate, the business records requirements under Fed. R. Evid. 803(6)

(original request no. 16).

The documents sought in these categories are at least relevant to damages and the determination of a reasonable royalty.  Despite the fact that we have the MiMedx-Organogenesis settlement agreement (which involves one of the asserted patents, as well as the same technology, in the litigation between MiMedx and Surgenex), we are still entitled to the requested commercial information the circumstances and events related to the settlement agreement are relevant to damages.  *See, e.g.*, *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, 927 F.3d 1292, 1299 (Fed. Cir. 2019) ("We have previously explained that prior settlements can be relevant to determining damages. . . . [I]n using a settlement agreement . . . or in drawing the appropriate lessons from the particular settlement for the case in which it is being used, relevant circumstances— such as similarities and differences in technologies and market conditions and the state of the earlier litigation when settled—must be carefully considered.").

Moreover, documents explaining the composition and uses of Organogenesis' multi-layered placental tissue products sold both before and after the settlement agreement, as well as the unredacted infringement and damages expert reports containing Organogenesis' confidential business information from the underlying *MiMedx v. Organogenesis* litigation—which MiMedx has represented it no longer has—are relevant at least to the issues of infringement and non-infringing alternatives.

These four categories should not lead to the production of a significant number of documents (e.g., from publicly available information, there may be about only a handful of multi-layered placental tissue products involved in categories 1 and 2; and there is likely about a handful of infringement and damages reports with Organogenesis' confidential information).  Moreover, the continued reliance on *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318 (Fed. Cir. 1990) is misplaced as that case is readily distinguishable—at least because, there, "all of the information requested" did "not relate to" the subpoenaing party's "damage theories," especially where that party did not seek the information prior to an earlier trial in the case that it lost (i.e., the subpoenaing party had already tried a case without that damages information and was only seeking that information after it had been granted a new trial, which was indicative that the information was not critical to the party's claims).  *See id.* at 1326 & n.9.  Here, Surgenex is requesting a set of documents that are grounded in the fact that there is a settlement agreement between MiMedx and Organogenesis that is probative of the damages in its case with MiMedx.  *See, e.g., Elbit*, 927 F.3d at 1299.

In the spirit of further compromise, after a production is made, I'm willing to entertain

the notion of a shorter deposition or foregoing it altogether.  If Organogenesis is still unwilling to produce documents, please let me know by the end of the week.  Thanks.

Best,
Hugham Chan - *Of Counsel*
Rothwell, Figg, Ernst & Manbeck, P.C.
901 New York Avenue, NW, Suite 900 East
Washington, DC 20001
Phone: (771) 717-9806
Fax: (202) 783-6031

---

**From:** Hugham Chan
**Sent:** Friday, February 20, 2026 10:08 AM
**To:** 'Baltay, Matthew' <MBaltay@foleyhoag.com>
**Subject:** RE: Subpoena to Organogenesis Holdings Inc. dated February 3, 2026 issued in MiMedx Group, Inc. v. Surgenex, LLC (D. Ariz. 24-cv-03558-SMB)

Mr. Baltay,

I'm pretty flexible, except for 10-11 am ET.  Let me know what works for you.

Best,
Hugham Chan - *Of Counsel*
Rothwell, Figg, Ernst & Manbeck, P.C.
901 New York Avenue, NW, Suite 900 East
Washington, DC 20001
Phone: (771) 717-9806
Fax: (202) 783-6031

---

**From:** Baltay, Matthew <MBaltay@foleyhoag.com>
**Sent:** Friday, February 20, 2026 10:06 AM
**To:** Hugham Chan <hchan@rothwellfigg.com>
**Subject:** RE: Subpoena to Organogenesis Holdings Inc. dated February 3, 2026 issued in MiMedx Group, Inc. v. Surgenex, LLC (D. Ariz. 24-cv-03558-SMB)

Mr. Chan:

Thank you for your email below. We continue to see things differently (you seek, for example, the MiMedx-NuTech settlement agreement that you already have, we still don't see what you legitimately need here, etc.).

| | |
|---|---|
| **From:** | Baltay, Matthew |
| **To:** | Hugham Chan |
| **Subject:** | RE: Subpoena to Organogenesis Holdings Inc. dated February 3, 2026 issued in MiMedx Group, Inc. v. Surgenex, LLC (D. Ariz. 24-cv-03558-SMB) |
| **Date:** | Friday, February 20, 2026 10:06:05 AM |

Mr. Chan:

Thank you for your email below. We continue to see things differently (you seek, for example, the MiMedx-NuTech settlement agreement that you already have, we still don't see what you legitimately need here, etc.).

I am on trial prep today with witnesses. How is your calendar on Monday to meet and confer?

Thank you.

Regards,
Matthew

**Matthew C. Baltay**
**Foley Hoag LLP**
+16178321262 phone

**From:** Hugham Chan <hchan@rothwellfigg.com>
**Sent:** Thursday, February 19, 2026 8:52 AM
**To:** Baltay, Matthew <MBaltay@foleyhoag.com>
**Subject:** RE: Subpoena to Organogenesis Holdings Inc. dated February 3, 2026 issued in MiMedx Group, Inc. v. Surgenex, LLC (D. Ariz. 24-cv-03558-SMB)

**[ EXTERNAL SENDER - hchan@rothwellfigg.com ]**

Dear Mr. Baltay,

I write in response to your letter from yesterday concerning Surgenex's document and deposition subpoenas to Organogenesis. Let me begin by saying that my intention is to arrive at a mutually agreeable resolution, but if Organogenesis is unwilling to produce any documents that are responsive to the document requests or sit for a deposition (even a short one) under any circumstances, then please immediately let me know.

We disagree with your objections to our document requests. First, many of your objections (*see* Organogenesis Letter at 2–3) are boilerplate objections that don't pass muster in court nowadays. *See, e.g.*, *Cook v. Lynn & William, Inc.*, 344 F.R.D. 149, 155 (D. Mass. 2023) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." (citations omitted)); *Katz v. Shell Energy N. Am. (US), LP*, 566 F. Supp. 3d 104, 107 (D. Mass. 2021) ("The court has previously rejected similar

| | |
|---|---|
| **From:** | Baltay, Matthew |
| **To:** | Hugham Chan |
| **Subject:** | Subpoena to Organogenesis Holdings Inc. dated February 3, 2026 issued in MiMedx Group, Inc. v. Surgenex, LLC (D. Ariz. 24-cv-03558-SMB) |
| **Date:** | Wednesday, February 18, 2026 4:35:46 PM |
| **Attachments:** | Rule 45 Objection Letter 02-18-2026.pdf |

Dear Mr. Chan:

Please see Organogenesis Holdings Inc.'s Rule 45 objection letter to the above-referenced subpoena.

Thank you.

Regards,
Matthew

**Matthew Baltay** | **Partner**

## FOLEY
## HOAG LLP

**FOLEY HOAG LLP**
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210-2600

+1-617-832-1262 phone

www.foleyhoag.com



FOLEY
HOAG LLP

Seaport West
155 Seaport Boulevard
Boston, MA 02210-2600

617 832 1000 *main*
617 832 7000 *fax*

Matthew C. Baltay
*617 832 1262 direct*
mbaltay@foleyhoag.com

February 18, 2026

**Via email (hchan@rothwellfigg.com) and US Mail**

Hugham Chan, Esq.
Rothwell Figg Ernst & Manbeck, P.C.
901 New York Avenue, N.W.
Suite 900 East
Washington, D.C.  20001

> Re:   Subpoena to Organogenesis Holdings Inc. dated February 3, 2026 issued in
> *MiMedx Group, Inc. v. Surgenex, LLC* (D. Ariz. 24-cv-03558-SMB)

Dear Mr. Chan:

This firm represents Organogenesis Holdings Inc. ("Organogenesis") in responding to a subpoena for the production of documents and deposition dated February 3, 2026 (the "Subpoena") and served as of February 4, 2026 by you on behalf of Surgenex, LLC ("Surgenex") in litigation captioned *MiMedx Group, Inc. v. Surgenex, LLC* (D. Ariz. 24-cv-03558-SMB) (the "Litigation").  Organogenesis is not a party to the Litigation and has no involvement in it.

Your Subpoena seeks 17 categories of documents including communications and agreements with MiMedx, a party to the litigation, work product relating to litigation, and irrelevant information on Organogenesis' products and sales, etc. Organogenesis objects to the Subpoena pursuant to Federal Rule of Civil Procedure 45(d)(2)(B) on the grounds that the Subpoena is unduly burdensome and overly broad.

As noted, Organogenesis is not a party to the Litigation.  When assessing whether a subpoena imposes an undue burden on the recipient, "concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998). Pursuant to Rule 45(d)(1), "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  You have not done that.

**ATTORNEYS AT LAW**

BOSTON | DENVER | NEW YORK | PARIS | WASHINGTON | FOLEYHOAG.COM

Hugham Chan, Esq.
Rothwell Figg Ernst & Manbeck, P.C.
February 18, 2026
Page 2

Several of the requests seek communications with MiMedx, agreements with MiMedx, and litigation materials relating to MiMedx litigation, etc. MiMedx is a party to the Litigation. It is unreasonable to demand that a non-party search for and produce documents that are available from a party to the litigation.  Indeed, pursuant to Rule 26(b)(2)(C), the Court is obligated to limit discovery if the information can be obtained from some other source that is less burdensome.  The United States District Court for the District of Massachusetts where the Subpoena would be enforced, has held that materials available from a party should be obtained from that party via Rule 34 and not from a non-party via Rule 45.  *Rockstar Consortium US LP & Netstar Techs. LLC v. Google Inc.*, 2015 U.S. Dist. LEXIS 139770, *15 (D. Mass. Oct. 14, 2015) ("Rule 45 requires a party to obtain documents, when reasonably available, from an adverse party rather than a non-party."); *Mass. Nurses Ass'n v. Radius Specialty Hosp.*, LLC, 2016 U.S. Dist. LEXIS 144199, *6 (D. Mass. Oct. 18, 2016) (quashing "non-party subpoena seeking information that is readily available from a party through discovery.").

Your Subpoena also seeks sensitive commercial information about Organogenesis' products, revenues, forecasts, etc. This information is not relevant to the Litigation and the request for it is unduly burdensome. Moreover, the Federal Circuit has held that the very information the Subpoena seeks is not discoverable from non-parties. *See, e.g., Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1326 (Fed. Cir. 1990).

Pursuant to the express terms of Rule 45(d)(1), not only must the party serving a subpoena take steps to avoid imposing undue burden, which was not done here, but "[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1). There is no reason why Surgenex could not and should not bear the expenses of requiring Organogenesis, a non-party with no interest in the Litigation, to comply with an unreasonable and oppressive Subpoena that seeks documents available from a party and irrelevant materials. Accordingly, please be advised that we will seek our fees and expenses incurred, including the costs of objecting to and any negotiation of the scope and timing of any production, under Rule 45 from the "party or attorney who fails to comply" with Rule 45's mandate that you not impose undue burden on non-party Organogenesis. *See Levy v. Gutierrez*, 2019 U.S. Dist. LEXIS 52528, *18 (D. N.H. 2019) (fee-shifting is mandatory under Rule 45).

Organogenesis also objects to the Subpoena to the extent it purports to impose obligations on Organogenesis in excess of those permitted by the Federal Rules of Civil Procedure (see, e.g., Instruction 11).  Organogenesis objects to the Subpoena to the extent it seeks information not in its possession, custody, or control. Organogenesis objects to the definitions and instructions to the extent they purport to sweep in persons or entities other than the named entity. Organogenesis objects to the Subpoena to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the law governing trade secrets, and/or any other applicable privilege, immunity, or

Hugham Chan, Esq.
Rothwell Figg Ernst & Manbeck, P.C.
February 18, 2026
Page 3

exemption. Organogenesis further objects to the extent the Subpoena seeks personal or confidential information.

The objections set forth in this letter are not necessarily comprehensive, and Organogenesis reserves the right to assert other, additional grounds.  By notifying you of its objections herein, Organogenesis does not waive its rights to seek to quash or modify the Subpoena or to obtain any other relief to which it is entitled under Rule 45.

Given that Organogenesis will not be producing documents at this time, we assume that you do not seek to take the deposition of Organogenesis at this time. Please let me know immediately if we are mistaken in this regard so we may consider seeking appropriate relief in Massachusetts court.

Please do not hesitate to contact me should you wish to discuss the foregoing Rule 45 objections to your Subpoena.

Sincerely,

*Matthew C. Baltay*

Matthew C. Baltay