# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MIMEDX GROUP, INC., | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Case No.  SA-26-MC-01211-XR |
| | § | |
| SURGENEX, LLC, | § | |
| *Defendant* | § | |

## ORDER

On this date, the Court considered Tissue Transplant Technology, Ltd., D/B/A Bone Bank Allografts's Motion to Quash Subpoenas (ECF No. 1).  After careful consideration, the Motion is **GRANTED**.  The subpoenas are **QUASHED.**

## BACKGROUND

This Motion arises out of a patent-infringement case in the District of Arizona.  *MiMedx Grp. Inc. v. Surgenex LLC*, 2:24-cv-03558-SMB (D. Ariz.).  In the underlying litigation, Plaintiff MiMedx alleges that Defendant Surgenex has violated several patents, including U.S. Patent No. 8,709,494 ("the '494 Patent").  *Surgenex*, 2:24-cv-03558-SMB, ECF No. 1 (D. Ariz. Dec. 16, 2024).  The '494 Patent involves multi-layered tissue graft products derived from human placenta. ECF No. 1 at 2.

In 2014—a decade before the current litigation began—MiMedx sued Movant Tissue Transplant Technology, LTD. D/B/A Bone Bank Allografts ("Bone Bank") for infringement of the '494 Patent.  *MiMedx Grp., Inc. v. Tissue Transplant Tech., Ltd., et al*, 5:14-cv-00719-RCL (W.D. Tex.).  That litigation settled in 2019.  *Tissue Transplant Tech.*, 5:14-cv-00719-RCL, ECF No. 251 (W.D. Tex. Apr. 3, 2019).

1

In connection with the currently ongoing litigation, Surgenex served the third-party subpoenas at issue here on Bone Bank. The first seeks documents related to the 2014–2019 litigation and settlement, Bone Bank's sales, and Bone Bank's products. The second seeks a deposition of a Bone Bank representative. Surgenex has narrowed its request since serving the initial subpoenas. It now seeks:

1. Documents regarding Bone Bank's sales of certain products before and after the 2019 settlement;

2. Documents regarding the composition of some of Bone Bank's products before and after the 2019 settlement;

3. "Sealed filings or unredacted expert reports from the [2014–2019] litigation containing Bone Bank's non-infringement/damages positions and underlying materials to support those positions;"

4. A declaration confirming that the documents are authentic and are business records; and

5. A deposition of a Bone Bank representative, lasting no more than three-and-a-half hours, about (a) the circumstances surrounding the 2019 settlement and (b) Bone Bank's products before and after the settlement.

ECF No. 3 at 4, 11. Bone Bank moved to quash the subpoenas.

## DISCUSSION

### I. Legal Standard

"Under Rule 45, a court must modify or quash a subpoena that subjects a person to undue burden." *Leonard v. Martin*, 38 F.4th 481, 489 (5th Cir. 2022) (citing FED. R. CIV. P. 45(d)(3)(A)(iv)). To determine whether a subpoena imposes an undue burden, courts in the Fifth

Circuit weigh several factors: "(1) [the] relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Id.* (alteration in original) (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004)). "Moreover, where a subpoena requests information from a nonparty, as it does here, the court must be sensitive to the nonparty's compliance costs." *Id.* (same).

To avoid imposing any undue burden or expense on the person or entity subject to the subpoena, courts apply the same relevance and proportionality limitations encompassed by Rule 26 to motions to quash under Rule 45. *See, e.g., MetroPCS v. Thomas*, No. 3:18-MC-29-K-BN, 2018 WL 2933673, at \*9 (N.D. Tex. June 12, 2018); *Whitley v. Pinnacle Entm't, Inc.*, No. CV 15-595-BAJ-RLB, 2016 WL 6154938, at \*2 (M.D. La. Oct. 21, 2016). Rule 26 generally limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1).

Further, under Rule 26(b)(2)(C),

[a] court must limit the frequency or extent of discovery otherwise allowed . . . if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; [or]

> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action[.]

## II. Analysis

Bone Bank is a third-party, and the Court must protect it from undue burden. FED. R. CIV. P. 45(d)(3)(A)(iv). Starting with the documents subpoena, Surgenex has not established why the

documents it seeks are relevant.  And even assuming that they are relevant, Surgenex has not shown that they would contain relevant information that is not available in the underlying litigation between it and MiMedx and/or on the public record.  Nor has Surgenex shown that the subpoena is justified in light of Rule 26(b)'s proportionality factors.

The deposition subpoena fares no better.  It would require a nonparty to incur substantial expense and effort to prepare a witness on matters that have long since been closed and may have only minimal relevance to the current dispute.

### CONCLUSION

For the foregoing reasons, the Motion to Quash (ECF No. 1) is **GRANTED**.  The subpoenas are **QUASHED.**

The Clerk is directed to **CLOSE** this matter.

It is so **ORDERED**.

**SIGNED** this 19th day of March, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE